PARR, J.
This is an error proceeding prosecuted in this court from the judgment of the court of common pleas of this county.
On or about the--day of-A. D:. 1894, Ranson H. Clark as plaintiff, filed his petition in the court of common pleas of Portage county against Mary J. Purrington, now Weenick, and others for the foreclosure of a certain mort *62 gage. On October 10, 1894, a decree was duly entered finding the amount of $1,441.44 due; a sale of the mortgaged premises was ordered, sale made, the proceeds applied to the payment of said claim, leaving a balance of $684.56, unpaid, and execution as at law was awarded for said balance, which execution was issued on October 13, 1896, and returned wholly unsatisfied; on September 9, 1897, said balance of $684.56 was by Banson H. Clark duly assigned to M. C. Sluts, the defendant in error here who, on August, 3, 1916, filed a petition in the court below for revivor of judgment under favor of See. 11645 G. C. To this petition an answer was filed raising the issue of the bar of the statute of limitations of both ten and fifteen years under favor of Secs. 11227 and 11221 G. C., and denying that any judgment had been rendered in said original action in foreclosure. In said action for revivor, a judgment was entered for plaintiff from which error is prosecuted in this court.
The prayer of the petition for foreclosure reads as follows:
“This plaintiff therefore prays that his said mortgage may be foreclosed, that the liens on said realty may be marshalled and adjusted and his declared prior, superior and paramount to all other liens and claims; that the amount due him may be determined and a decree entered therefor; that said realty may be ordered sold, free from the claims and liens of all parties herein and the proceeds applied on his decree; and that he may have such other and further order, judgment and decree as equity permits and such complete, general and alternative relief as the nature of his case requires against each of defendants including execution for any balance remaining unpaid after exhausting the property.”
The decree entered on October 10, 1894 found the amount due, directed the foreclosure of the mortgage lien and in conclusion awarded execution as follows:
“It is further ordered that the plaintiff have execution as at law against the goods and chattels, land and tenements of the said Isabella M. Bullock Snyder and Mary J. Purrington for any balance remaining unpaid on this decree after exhausting the property. ’ ’
*63 It is urged by plaintiff in error that the above entry in said foreclosure proceeding’ was not, in effect, a judgment but only a decree in equity and was therefore barred by the statute of limitations in ten years by the provisions of Sec. 11227 G. C. or at most in fifteen years by the terms of Sec. 11221 G. C. and that it was not subject to the limitation of twenty-one years as to judgments under favor of Sec. 11648 G. G.
Was said decree in effect a judgment as defined by Sec. 11582 G. C. which provides in part as follows:
“Section 11582. A judgment is the final determination of the rights of the parties in an action. ” * * *
The prayer of the petition in foreclosure was that the mortgage be foreclosed, the liens marshalled, their priority fixed, the amount due determined and a decree entered therefor; the mortgaged premises sold, the proceeds applied to the payment of the mortgage indebtedness and such other and further order, judgment and decree as equity permits and such complete general and alternative relief as the nature of the case required including execution for any balance remaining unpaid after exhausting the property; all of which was granted and said decree also provided that plaintiff have execution as at law for any balance remaining unpaid. This was a full and complete determination of the rights of the parties and it was final. What else was there to determine or to be done in said proceeding between the parties? Their rights and all of them were fixed and finally settled so far as that action was concerned, except execution be issued. It is urged, however, that said decree was not in effect a judgment in view of the holding in Doyle v. West, 60 Ohio St. 438 [54 N. E. 469], the first and second paragraphs of the syllabus of which read as follows:
“1. In a suit to foreclose a mortgage, there was a finding of the amount due and the usual order of sale, if not paid in a certain time named. There was no prayer for a judgment, and none was rendered, and no order for an execution for any balance that might remain after applying the proceeds. A sale was made and after applying the proceeds, a balance of $102.21 remained. Held, that an action can be maintained on the find *64 ing for the recovery of this balance as a debt, evidenced by record.
’ 2. The statute of limitations was raised by demurrer; and it appearing from the petition that more than seventeen years had elapsed from the application of the proceeds, and no intermediate payments having been made. Held, that under our statute of limitations, the action is barred.”
The facts in the foregoing case are 'very similar to those in the case at bar. Like the instant case it was an action to foreclose a mortgage lien but no judgment was sought and none rendered; there was no award of execution for any balance remaining unsatisfied. Therefore there remained nothing further for the court to do, and this is one distinguishing feature in the case at bar, and so was the case of Doyle v. West, supra, distinguished in the later case of Graham v. Simon, 76 Ohio St. 77 [81 N. E. 170], the syllabus of which reads as follows:
“An action upon a judgment of a court of this state may be brought at any time within twenty-one years. Tyler’s Executors v. Winslow, 15 Ohio St. 364, followed; Doyle v. West, 60 Ohio St. 438, distinguished.”
It will bo observed that in the case of Graham v. Simon, supra, the court elects to follow the early case of Tyler’s Excrs. v. Winslow, 15 Ohio St. 364, which had long been the controlling authority in this jurisdiction and in distinguishing said case of Doyle v. West, Shauck, C. J., observes in Graham v. Simon, supra, page 81, as follows:
“In the suit to foreclose no personal judgment had been sought in the petition, nor was any rendered, nor was there even an award of execution for the satisfaction of any balance which might remain unpaid after applying the proceeds of sale. ’ ’
It is then further observed that the action in the case of Doyle v. West was for the recovery of a balance of the amount which the court had found to be the indebtedness, the finding having been made as the predicate of the decree of foreclosure to subject the mortgaged property, and then it is stated:
“And not affording to the creditor any executory remedy against the general property of the debtor.”
But such is not the case at bar, because the court awarded *65 an executory remedy by way of execution and this clearly distinguishes the instant case from that of the above case of Doyle v. West. It is true that in the above case of Graham v. Simon, the action was based upon a judgment and there was no dispute as to the form and which carried with it the executory remedy; likewise in the case at bar the same remedy was awarded giving it at once the force and effect of a judgment and distinguished it from the case of Doyle v. West. Therefore, the decree entered in the case at bar had all the attributes of a judgment. It found the amount due and supplied as above observed the executory remedy to satisfy the same. It is conceded that if said decree is in fact a judgment that the execution issued on October 13, 1896, saved it from the operation of the statute of limitations of twenty-one years as provided in said Sec. 11648 G. C.
It must be held, therefore, in view of the foregoing that said decree was in effect and in fact a judgment, and that the present action to revive the same is not barred by the statute of limitations, and the judgment of the court below is affirmed.
Pollock and Metcalfe, JJ., concur.